Mr. Justice Clayton
delivered the opinion of the court.
This was a bill filed in the superior court of chancery by the appellant, to recover damages from the state, for an alleged breach of contract in reference to building the capítol of the state. The bill was filed in 1838; issues were made up and directed to be tried in the circuit court of Hinds county, subject to the rules of law, and the regulations of the court. At the March term, 1842,- the issues were tried, and a verdict rendered in behalf of the complainant for $26,936. A motion was made in the circuit court for a new trial, which was overruled, but no bill of exceptions was taken. The verdict, however, was set aside by the chancellor, and another trial of the issues directed to be had at the bar of the chancery court, at the January term, 1S45. The complainant being dissatisfied with the order granting a new trial, prayed an appeal to this court, which was refused by the chancellor. No farther steps were taken in regard to this appeal.
In February, 1847, the new trial was had, and a verdict rendered for the complainant for the sum of $16,769.50. The complainant moved for a confirmation of this verdict, and the defendant for another trial. Upon consideration of these motions, the chancellor directed the verdict to be set aside, and another trial of the issues to be had. A bill of exceptions was thereupon filed setting out the testimony, and this appeal was taken “from the order refusing to confirm the verdict of the jury, and ordering a new trial.”
We have been thus careful in setting out the proceedings, and the several orders, that it might be clearly seen what was the matter appealed from, and consequently what is in this court to be decided.
It is urged here with great zeal and earnestness, that the act of the chancellor in setting aside the first verdict was arbitrary and unauthorized, and that this court ought now to disregard all the subsequent proceedings, and direct a final decree'to be entered in accordance with that verdict. The plain answer to this argument is, that this order of the chancellor thus complained of, has in no way been brought before this court. Yfe *644 have, therefore, no power to pass upon it. It is true, an appeal was prayed, but it was refused by the chancellor, and no effort was made, in any other mode, to get it into this court. The party proceeded to another trial, and being dissatisfied with the action of the chancellor, in reference to the last trial, he took an appeal from the order “refusing to confirm the verdict, and directing another trial.” This appeal, in its terms, -attempts to bring up nothing but this order, and if we were to consider of any thing else, it would be of something not appealed from.
The next question which meets us is, whether the whole appeal is not premature. There is no decree of the chancery court, either interlocutory or final. There is nothing but an order setting aside a verdict, and directing a new trial. Had the court the power to make such order? The statute of 1846 directs all issues in the chancery court to be tried in that court, with a single exception, and provides, “ that the verdict of the jury shall be conclusive of the facts found, subject to the rules and regulations of a court of law. Hutch. Code, 7S6.
The power to set aside a verdict and grant a new trial, is one of the unquestionable rules of a court of law, and is exercised daily without challenge. That the power existed in the chancellor is thus beyond dispute; its rightful exercise is another matter. Can that question be now entertained?
It is settled in this court, that neither an appeal, nor a writ of error will lie, from a court of law, from an order granting or refusing to grant a new trial, until there has been a final judgment in the court below.- After such judgment, the case may be brought up, but not before. Bank of Lexington v. Taylor, 2 S. & M. 28; Terry v. Robins, 5 Ib. 291. All parties might be satisfied with the result of the next trial. But the legal principle on which the rule rests, is, that there is no judgment of the court, from which the writ of error will lie.
Is the same rule applicable in chancery? We think it is, because the statute makes the verdict subject to the rules of a court of law; and because, though the verdict'may become the basis of the decree, yet until the court adopts it, and founds a a decree upon it, there is no decree from which an appeal can *645 be sustained. See Stebbins v. Niles, ante, 307. Here there was no decree, either interlocutory or final. The consequence is, that the appeal was premature, and must be dismissed, and the cause remanded for further proceedings.